JONATHAN E. NUECHTERLEIN
General Counsel

MICHELLE RUSK, DC Bar No. 384850
ANNETTE SOBERATS, FL Bar No. 0093934
MARY JOHNSON, DC Bar No. 455345

Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop CC-10528
Washington, DC 20580

Email: mrusk@ftc.gov; asoberats@ftc.gov; mjohnson1@ftc.gov
Tel: (202) 326-3148, -2921, -3115
Fax: (202) 326-3259

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**San Francisco Division**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LUMOS LABS, INC., a corporation<br>d/b/a LUMOSITY<br>and<br>KUNAL SARKAR, and<br>MICHAEL SCANLON,<br>Individually and as officers of LUMOS<br>LABS, INC.<br><br>Defendants. | Case No. 3:16-cv-00001-sk<br><br>**[Proposed] STIPULATED FINAL**<br>**JUDGMENT AND ORDER FOR**<br>**PERMANENT INJUNCTION AND**<br>**OTHER EQUITABLE RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint") against Defendants Lumos

Labs, Inc. d/b/a Lumosity, Kunal Sarkar, and Michael Scanlon, pursuant to Section 13(b) of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), alleging unfair or deceptive acts

**STIPULATED FINAL JUDGMENT AND ORDER**

or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52.

The Commission and Defendants stipulate to the entry of this Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them.

**THEREFORE, IT IS ORDERED** as follows:

### FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in deceptive acts or practices and false advertisements in violation of Sections 5(a) and 12 of the FTC Act, 15 U.S.C. §§ 45(a) and 52, in connection with the deceptive marketing of a brain-training program.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

### <u>ORDER</u>

### DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "**Defendants**" means both of the Individual Defendants and the Corporate Defendant,

**STIPULATED FINAL JUDGMENT AND ORDER**                          **PAGE 2**

individually, collectively, or in any combination.

2.      "**Corporate Defendant**" means Lumos Labs, Inc. d/b/a Lumosity and its successors and assigns.

3.      **"Individual Defendants"** means Kunal Sarkar and Michael Scanlon.

4.      **"Commerce"** means as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      **"Covered Product"** means the Lumosity Program and LumiKids and any product, program, device, or service for children or adults that purports to alter the brain's structure or function; improve cognitive abilities or provide benefits from improved cognitive abilities, including improved performance on everyday tasks, in school, at work, or in athletics; treat, mitigate, prevent, or delay the onset of cognitive impairment or disorders, including cognitive impairment related to aging; or provide an assessment of cognitive abilities.

6.      "**Clearly and Conspicuously**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

        a.      In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication, even if the representation requiring the disclosure is made in only one means.

        b.      A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 3**

c.      An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

d.      In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

e.      The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

f.      The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

g.      The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

When representations or sales practices target a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

7.      **"Endorsement"** means any advertising message (including verbal statements, demonstrations, or depictions of the name, signature, likeness or other identifying personal characteristics of an individual or the name or seal of an organization) that consumers are likely to believe reflects the opinions, beliefs, findings, or experiences of a party other than the sponsoring advertiser, even if the views expressed by that party are identical to those of the sponsoring advertiser. The party whose opinions, beliefs, findings, or experience the message appears to reflect will be called the endorser and may be an individual, group, or institution.

8.      **"Lumosity Program"** means the Lumosity personalized brain training program and related assessment measures, available online and through mobile apps, and consisting of a

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 4**

variety of games targeting cognitive abilities such as memory, attention, speed, flexibility, and problem solving.

9.  **"Material Connection"** means any relationship that materially affects the weight or credibility of any endorsement and that would not be reasonably expected by consumers.

10.  **"Person"** means a natural person, an organization, or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

11.  **"Reliably Reported,"** for a human clinical test or study ("test"), means a report of the test has been published in a peer-reviewed journal, and such published report provides sufficient information about the test for experts in the relevant field to assess the reliability of the results.

## I.   PROHIBITED REPRESENTATIONS: IMPROVING PERFORMANCE AT SCHOOL, AT WORK, AND IN ATHLETICS; DELAYING AGE-RELATED DECLINE; AND REDUCING COGNITIVE IMPAIRMENT

**IT IS ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any Covered Product, are permanently restrained and enjoined from making any representation, expressly or by implication, that using such Covered Product:

A.   improves performance in school, at work, or in athletics;

B.   delays or protects against age-related decline in memory or other cognitive function, including mild cognitive impairment, dementia, or Alzheimer's disease; or

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 5**

C.      reduces cognitive impairment caused by health conditions, including Turner syndrome, post-traumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), traumatic brain injury (TBI), stroke, or side effects of chemotherapy,

unless the representation is non-misleading, and, at the time such representation is made, Defendants possess and rely upon competent and reliable scientific evidence to substantiate that the representation is true.

For purposes of this Section, competent and reliable scientific evidence shall consist of human clinical testing of such product that is sufficient in quality and quantity, based on standards generally accepted by experts in the relevant field, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true. Such testing shall be (1) randomized, adequately controlled, and blinded to the maximum extent practicable; and (2) be conducted by researchers qualified by training and experience to conduct such testing. In addition, all underlying or supporting data and documents generally accepted by experts in the relevant field as relevant to an assessment of such testing as described in the Section XIII, titled Preservation of Records Relating to Competent and Reliable Human Clinical Tests or Studies, must be available for inspection and production to the Commission.

## II.      PROHIBITED REPRESENTATIONS: OTHER BENEFITS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any Covered Product, are permanently restrained and enjoined from making, expressly or by

**STIPULATED FINAL JUDGMENT AND ORDER**                              **PAGE 6**

implication, any representation, other than representations covered under Section I of this Order, about the benefits or efficacy of any Covered Product, including performance on everyday tasks, unless the representation is non-misleading, and, at the time of making such representation, Defendants possess and rely upon competent and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and reliable scientific evidence, to substantiate that the representation is true.

For purposes of this Section, competent and reliable scientific evidence means tests, analyses, research, or studies (1) that have been conducted and evaluated in an objective manner by qualified persons; (2) that are generally accepted in the profession to yield accurate and reliable results; and (3) as to which, when they are human clinical tests or studies, all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of such testing as set forth in the Section XIII, titled Preservation of Records Relating to Competent and Reliable Human Clinical Tests or Studies, are available for inspection and production to the Commission.

### III.    PROHIBITED REPRESENTATIONS: TESTS OR STUDIES

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any Covered Product, are permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication:

A.    The existence, contents, validity, results, conclusions, or interpretations of any

**STIPULATED FINAL JUDGMENT AND ORDER**                         **PAGE 7**

test, study, or research involving any Covered Product; or

B.     That the benefits of any Covered Product are scientifically proven.

## IV.     FDA APPROVED CLAIMS

**IT IS FURTHER ORDERED** that nothing in this Order shall prohibit Defendants from:

A.     Making any representation for any drug that is permitted in labeling for such drug under any tentative or final monograph promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; or

B.     Making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990 or permitted under Sections 303-304 of the Food and Drug Administration Modernization Act of 1997.

## V.     PROHIBITIONS CONCERNING ENDORSEMENTS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale or distribution of any Covered Product, are permanently restrained and enjoined from:

A.     Misrepresenting, in any manner, expressly or by implication, that an Endorsement of any Covered Product represents the opinions, findings, beliefs, or experience of the Person providing the Endorsement; and

B.     Failing to disclose, Clearly and Conspicuously, a Material Connection, if one exists, between the Person providing the Endorsement and Defendants, including but not limited to the use of a contest with prizes to solicit such Endorsement.

**STIPULATED FINAL JUDGMENT AND ORDER**                         **PAGE 8**

## VI.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    Judgment in the amount of Fifty Million Dollars ($50,000,000.00) is entered in favor of the Commission against Corporate Defendant as equitable monetary relief.

B.    Corporate Defendant is ordered to pay to the Commission Two Million Dollars ($2,000,000.00), which, as Corporate Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within seven (7) days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.  Upon such payment, the remainder of the judgment is suspended, subject to the Subsections below.

C.    The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Corporate Defendant's audited and unaudited financial statements and related documents (collectively, "financial representations") submitted to the Commission, namely:

1.    The 2012 U.S. Corporate Income Tax Declaration for an IRS *e-file* Return signed by Krishna Kakarala, Chief Financial Officer, dated September 16, 2013, including the attachments;

2.    The 2013 U.S. Corporate Income Tax Declaration for an IRS *e-file* Return signed by Krishna Kakarala, Chief Financial Officer, dated September 11, 2014, including the attachments;

3.    The 2014 U.S. Corporate Income Tax Declaration for an IRS *e-file* Return as Amended, signed by Krishna Kakarala, Chief Financial Officer, dated October 23, 2015, including the attachments;

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 9**

4.    The audited Financial Statements of Corporate Defendant for the Years Ended December 31, 2013 and 2012, dated October 30, 2015, including the Independent Auditor's Report and the notes to the financial statements;

5.    The audited Financial Statements of Corporate Defendant for the Years Ended December 31, 2014 and 2013, dated October 30, 2015, including the Independent Auditor's Report and the notes to the financial statements;

6.    The unaudited Financial Statements of Corporate Defendant for the Period Ending March 31, 2015, dated October 30, 2015; and

7.    The unaudited Financial Statements of Corporate Defendant for the Period Ending June 30, 2015, dated October 30, 2015.

D.    The suspension of the judgment will be lifted as to the Corporate Defendant if, upon motion by the Commission, the Court finds that the Corporate Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to the Corporate Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents consumer injury), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

## VII.    ADDITIONAL MONETARY PROVISIONS

**IT IS FURTHER ORDERED** that:

A.    Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

**STIPULATED FINAL JUDGMENT AND ORDER**                              **PAGE 10**

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Corporate Defendant acknowledges that its Taxpayer Identification Number (Employer Identification Number), which Corporate Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

E.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the United States Treasury as disgorgement.  Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## VIII.   REQUIREMENT TO PROVIDE CUSTOMER LIST

**IT IS FURTHER ORDERED** that Corporate Defendant, its officers, agents, servants,

**STIPULATED FINAL JUDGMENT AND ORDER**                                **PAGE 11**

employees, and attorneys, and all other persons in active concert or participation with any of them, shall within fourteen (14) days provide a list of all customers who subscribed to the Lumosity Program between January 1, 2009 and December 31, 2014, to the extent such information is in their possession, custody, or control.  The list shall be in searchable and sortable electronic format and shall include, but not be limited to, the following information for each customer:  name, email address, date customer first subscribed, type of subscription, and total dollar amount paid over the course of the subscription.  If a representative of the Commission requests in writing any additional information related to redress, Corporate Defendant must provide all such information in its possession, custody, and control, in the form prescribed by the Commission, within fourteen (14) days.

### IX.    NOTICE TO SUBSCRIBERS ON AUTO-RENEWAL PLAN

**IT IS FURTHER ORDERED** that Corporate Defendant shall provide adequate and timely notice of this Order by email and in the web and mobile versions of the Lumosity Program to all current Lumosity subscribers in the United States who subscribed to the Lumosity Program at any time from January 1, 2009 until December 31, 2014 and who participate in a plan that is set to automatically renew at the end of its term.  Such notice shall provide a link, directly when possible, or through one interim login page when a direct link is not possible, to an account setting page that Clearly and Conspicuously displays a one-step mechanism for cancelling the auto-renewal feature.  For purposes of this Section, adequate and timely notice shall mean:

A.      An email, sent within seven (7) days of the entry of this Order, in the exact wording and format set forth in Attachment A with the subject line "Important Notice – Your Lumosity Subscription Bill" and without any other materials accompanying the email;

B.      A full-page web screen, posted within seven (7) days of the entry of this Order, in

**STIPULATED FINAL JUDGMENT AND ORDER**                           **PAGE 12**

the exact wording and format in Attachment B, that appears on the Lumosity website immediately after the subscriber logs in and prior to access to any Lumosity games and remains on the website for a period of ninety (90) days from initial posting or until the subscriber replies by clicking on a link in the email, web, or mobile notice described in Subsections A – C of this Section, whichever comes first; and

C.      A full-page mobile app screen, made available to subscribers through an app update that is made available in a timely manner and no later than thirty (30) days from entry of this Order, in the exact wording set forth in Attachment B and in an easily legible format consistent with the format set forth in Attachment B, that appears in the Lumosity mobile apps for the Apple and Google Play platforms prior to access to any Lumosity games and remains in the mobile app for a period of ninety (90) days from initial posting or until the subscriber replies by clicking on a link in the email, web, or mobile notice described in Subsections A – C of this Section, whichever comes first.  To ensure timely availability of the mobile app screen pursuant to this Subsection, the Corporate Defendant shall submit the necessary update of its app to Apple and Google Play within fourteen (14) days of entry of this Order and request expedited review and approval.

## X.      ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For three (3) years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the

**STIPULATED FINAL JUDGMENT AND ORDER**                          **PAGE 13**

majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, LLC managers and members, employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (2) any business entity resulting from any change in structure as set forth in Section XI, titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.       From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within thirty (30) days, a signed and dated acknowledgment of receipt of this Order.

## XI.     COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the Commission:

A.       Sixty (60) days after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury.

1.       Each Defendant must:  (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the Commission may use to communicate with that Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and email, Internet, physical, and postal addresses; (c) describe the activities of each business, including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this

**STIPULATED FINAL JUDGMENT AND ORDER**                                    **PAGE 14**

Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission;

2.      Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences of such Defendant; (b) identify all titles and roles in each business for which such Defendant is an employee or consultant and any business in which such Defendant has direct or indirect control; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For ten (10) years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within sixty (60) days of any change in the following:

1.      Each Corporate Defendant must report any change in:  (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that the Corporate Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  the creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.      Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address of such Defendant; or (b) title or role in each business for which such Defendant is an employee or consultant and each business in which such Defendant has direct or indirect control, and identify the name, physical address, and any Internet address of the business or entity.

C.      Each Defendant must submit to the Commission notice of the filing of any

**STIPULATED FINAL JUDGMENT AND ORDER**                         **PAGE 15**

bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.      Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.      Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580.  The subject line must begin:  FTC v. Lumos Labs, Inc., et al. No. 132-3212.

## XII.   RECORDKEEPING

**IT IS FURTHER ORDERED** that Defendants must create certain records for ten (10) years after entry of this Order, and retain each such record for five (5) years.  Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must create and retain the following records:

A.      Accounting records showing the revenues from all products or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone numbers; job title or

**STIPULATED FINAL JUDGMENT AND ORDER**                          **PAGE 16**

position; dates of service; and, if applicable, the reason for termination;

C.      Complaints and refund requests, whether received directly or referred from a third party, and any response, in connection with any Covered Product;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.      A copy of each unique advertisement or other marketing material for any Covered Product; and

F.      All records, in the Corporate Defendant's possession, custody, or control, necessary to demonstrate the provision of notice pursuant to Section IX of this Order and the cancellation of subscriptions pursuant to Section IX.

## XIII.   PRESERVATION OF RECORDS RELATING TO COMPETENT AND RELIABLE HUMAN CLINICAL TESTS OR STUDIES

**IT IS FURTHER ORDERED** that, with regard to any human clinical test or study ("test") upon which Defendants rely to substantiate any claim covered by this Order, Defendants shall secure and preserve all underlying or supporting data and documents generally accepted by experts in the field as relevant to an assessment of the test, including, but not necessarily limited to:

A.      All protocols and protocol amendments, reports, articles, write-ups, or other accounts of the results of the test, and drafts of such documents reviewed by the test sponsor or any other person not employed by the research entity;

B.      All documents referring or relating to recruitment; randomization; instructions, including oral instructions, to participants; and participant compliance;

C.      Documents sufficient to identify all test participants, including any participants

**STIPULATED FINAL JUDGMENT AND ORDER**            **PAGE 17**

who did not complete the test, and all written or recorded communications with any participants relating to the test; all raw data collected from participants enrolled in the test, including any participants who did not complete the test; source documents for such data; any data dictionaries; and any case report forms;

D.     All documents referring or relating to any statistical analysis of any test data, including, but not limited to, any pretest analysis, intent-to-treat analysis, or between-group analysis performed on any test data; and

E.     All documents referring or relating to the sponsorship of the test, including all communications and contracts between any sponsor and the test's researchers.

*Provided, however*, the preceding preservation requirement shall not apply to a Reliably Reported test, unless the test was conducted, controlled, or sponsored, in whole or in part by:  (1) any Defendant; (2) any Defendant's officers, agents, representatives, or employees; (3) any other person or entity in active concert or participation with any Defendant; or (4) any person or entity affiliated with or acting on behalf of any Defendant.

For any test conducted, controlled, or sponsored, in whole or in part, by Defendants, Defendants must establish and maintain reasonable procedures to protect the confidentiality, security, and integrity of any personal information collected from or about participants.  These procedures shall be documented in writing and shall contain administrative, technical, and physical safeguards appropriate to Defendants' size and complexity, the nature and scope of Defendants' activities, and the sensitivity of the personal information collected from or about the participants.

## XIV.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Defendants'

**STIPULATED FINAL JUDGMENT AND ORDER**                          **PAGE 18**

compliance with this Order:

A.     Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission also is authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69 provided that Defendants, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.     For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Each Defendant must permit representatives of the Commission to interview any employee or other person affiliated with such Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 19**

1

## XV.   RETENTION OF JURISDICTION

2

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

3

purposes of construction, modification, and enforcement of this Order.

4

5
**SO ORDERED this ___ day of _____, 20__.**

6

7
_____

8
**UNITED STATES DISTRICT JUDGE**

9
**SO STIPULATED AND AGREED:**

10

11
**FOR PLAINTIFF:**

12

13
_____          Date: 11/12/15

14
MICHELLE RUSK
ANNETTE SOBERATS

15
MARY JOHNSON
Federal Trade Commission

16
600 Pennsylvania Avenue, NW
Mail Drop CC-10528

17
Washington, D.C. 20580
Tel: 202-326-3148, - 2921, - 3115; Fax: 202-326-3259

18
mrusk@ftc.gov; asoberats@ftc.gov; mjohnson1@ftc.gov

19
Attorneys for Plaintiff

20
**FOR DEFENDANTS:**

21

22
LUMOS LABS, INC.
140 New Montgomery Street, Floor 19

23
San Francisco, California 94105

24
_____          Date: 11/9/2015

25
Kunal Sarkar, Chief Executive Officer

26
_____          Date: 11/9/2015

27
Kunal Sarkar, individually and as an

28
officer of Lumos Labs, Inc.

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 20**

Date: 11/9/15

Michael Scanlon individually and as an
officer of Lumos Labs, Inc.

Date: 11/12/15

Lydia B. Parnes
Margaret L. Lassack
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW, Fifth Floor
Washington, DC 20006
Tel: (202) 973-8801, -8806
lparnes@wsgr.com; mlassack@wsgr.com
Attorneys for Lumos Labs, Inc.

Date: 11/18/15

John D. Graubert
Brandon Myers
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel: (202) 662-5938; -5132
jgraubert@cov.com; bmyers@cov.com
Attorneys for Kunal Sarkar and Michael Scanlon

Respectfully submitted,

Dated:  January 4, 2016                      /s/ Michelle Rusk
                                             MICHELLE RUSK
                                             ANNETTE SOBERATS
                                             MARY JOHNSON

                                             Attorneys for Plaintiff
                                             Federal Trade Commission

**STIPULATED FINAL JUDGMENT AND ORDER**                      **PAGE 21**

**ATTACHMENT A**

**[EMAIL NOTICE]**

**SUBJECT LINE: IMPORTANT NOTICE – YOUR LUMOSITY SUBSCRIPTION BILL**

Dear [Recipient Name]:

You currently have a Lumosity subscription with an auto-renewal feature – in other words, we automatically charge you to renew your subscription at the end of the current term unless you have turned off the auto-renewal.  This notice is to let you know that we recently decided to settle a deceptive advertising lawsuit by the Federal Trade Commission (FTC), the nation's consumer protection agency.  The FTC charged us with making claims that were not supported by science, including claims that using Lumosity:

- Improves performance in school, work, and athletics;
- Delays age-related mental decline and protects against dementia and Alzheimer's disease; and
- Helps those with ADHD, PTSD, Traumatic Brain Injury, and other health conditions.

Visit the FTC website at [URL] to find out more about the FTC's lawsuit.

To settle the case, we have agreed – among other things – to let you know that you can avoid future billing by turning off your auto-renewal.

**If you would like us to stop billing you, click <u>here</u> to go to your account settings and turn off your auto-renewal**.

You can also change your subscription at any time by going to your Account Settings page.

**STIPULATED FINAL JUDGMENT AND ORDER**                    **PAGE 22**

**ATTACHMENT B**

**[INTERNET/MOBILE NOTICE:  TO APPEAR AS FULL-PAGE SCREEN PRIOR TO ACCESS TO LUMOSITY GAMES]**

**IMPORTANT NOTICE – YOUR LUMOSITY SUBSCRIPTION BILL**

Dear [Recipient Name]:

You currently have a Lumosity subscription with an auto-renewal feature – in other words, we automatically charge you to renew your subscription at the end of the current term unless you have turned off the auto-renewal. This notice is to let you know that we recently decided to settle a deceptive advertising lawsuit by the Federal Trade Commission (FTC), the nation's consumer protection agency.  The FTC charged us with making claims that were not supported by science, including claims that using Lumosity:

- Improves performance in school, work, and athletics;
- Delays age-related mental decline and protects against dementia and Alzheimer's disease; and
- Helps those with ADHD, PTSD, Traumatic Brain Injury, and other health conditions.

Visit the FTC website at [URL] to find out more about the FTC's lawsuit.

To settle the case, we have agreed – among other things – to let you know that you can avoid future billing by turning off your auto-renewal.  Please choose an option below:

**If you would like us to stop billing you, click <u>here</u> to go to your account settings and turn off your auto-renewal.**

**If you do not want to make changes to your billing at this time, click <u>here</u> to go to Lumosity.**

If you would like to review this message again, we also have sent a copy to the email address on record for your Lumosity Account.

**STIPULATED FINAL JUDGMENT AND ORDER**                          **PAGE 23**